IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ADRIAN R. KELLY,

    Petitioner,

vs.

CIVIL ACTION NO.: CV213-102

SUZANNE R. HASTINGS,

    Respondent.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Adrian Kelly ("Kelly"), who presently is incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss. Kelly filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**. Kelly also filed a Motion to Expand the Record, to which Respondent responded. Kelly's Motion is **GRANTED**, to the extent the undersigned reviewed this pleading and documents attached thereto in reaching his recommended disposition of Kelly's § 2241 petition.

## STATEMENT OF THE CASE

Kelly was convicted, after a jury trial, in the Middle District of Florida, of: possession with intent to distribute cocaine hydrochloride (powder), in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e) (the Armed Career Criminal Act, or

"ACCA"); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Kelly was sentenced to 322 months' imprisonment. (Doc. No. 9, p. 3). Kelly filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentences. United States v. Kelly, 71 F. App'x 823 (11th Cir. 2003). The United States Supreme Court denied Kelly's petition for writ of certiorari. Kelly v. United States, 540 U.S. 893 (2003).

Kelly filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in the Middle District of Florida. Kelly did not object to the court's characterization of him as being an armed career criminal, nor did he assert that his previous convictions were not qualifying convictions for purposes of the ACCA. That court denied Kelly's motion, and the Eleventh Circuit denied him a certificate of appealability. (Doc. No. 9, pp. 4–5).

Kelly then filed a § 2241 petition in this Court. Kelly contended that, in the wake of Begay v. United States, 553 U.S. 137 (2008), his prior convictions for grand theft auto, burglary (structure or conveyance), and carrying a concealed firearm did not qualify as violent felonies under the ACCA, and, therefore, his enhanced sentence was invalid. (CV209-135, Doc. No. 1-2, p. 8). The undersigned recommended that Respondent's motion to dismiss be granted and that Kelly's petition be dismissed because he failed to satisfy 28 U.S.C. § 2255(e)'s savings clause. The Honorable Lisa Godbey Wood adopted this recommendation, over Kelly's objections, as the opinion of the Court. (Id. at Doc. No. 27).

In this petition, Kelly asserts that he is actually innocent of his conviction under the ACCA because his 1997 Florida burglary convictions no longer are considered to be violent felonies for purposes of the ACCA. Kelly asserts that the Supreme Court's

2

decision in Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (June 20, 2013), supports his position and entitles him to his requested relief. Respondent contends that Kelly's petition should be dismissed because Kelly does not satisfy the savings clause of section 2255.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). A prisoner must receive permission from the appropriate court of appeals before he can file a second or successive § 2255 motion when the prisoner has filed a § 2255 motion on a previous occasion. 28 U.S.C. §§ 2244(b)(3) & 2255(h). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

AO 72A
(Rev. 8/82)

Kelly's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. However, Kelly offers no reason why § 2255 is inadequate or ineffective to challenge the legality of his detention. Instead, Kelly states that he satisfies the savings clause.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.").

Kelly has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. The undersigned notes Kelly's reliance on Descamps. However, the Supreme Court has not declared that its decision in Descamps is retroactively applicable to cases on collateral review, and the undersigned is unable to find any lower court decisions which indicate that this application is appropriate. Williams v. Ziegler, 5:12-cv-00398, 2014 WL 201713, at *2 n.3 (S.D. W.Va. Jan. 17, 2014) (case law indicates that

4

AO 72A
(Rev. 8/82)

Descamps is not retroactively applicable to cases on collateral review) (citing United States v. Sanders, 4:03-CR-154, 2013 WL 5707808, at *2 n.25)(N.D. Ohio)(Oct. 18, 2013), and Landry v. United States, A-13-CV-715 LY, 2013 WL 5555122, at *2 (W.D. Tex.)(Oct. 4, 2013)); United States v. Copeland, 08-CR-0137, 2014 WL 63933, at *2 (N.D. Okla.) (Jan. 8, 2014) (Supreme Court did not make Descamps retroactively applicable to cases on collateral review and does not provide a basis for a movant to file a second or successive § 2255 motion); Newton v. Pearce, No. A-13-CA-943 SS, 2013 WL 6230622, at *3 (W.D. Tex.) (Dec. 2, 2013) (Supreme Court has not made decision in Descamps retroactively applicable to cases on collateral review, and the court was unable to find any lower courts applying this decision retroactively to cases on collateral review); Roscoe v. United States, 2:11-CR-37-JHH-RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at *11 (N.D. Ala.)(Oct. 16, 2013) (Supreme Court has not declared Descamps retroactively applicable to cases on collateral review); and Reed v. United States, 8:13-cv-2401-T-24-TGW, 2013 WL 5567703, at *3 (M.D. Fla.) (Oct. 9, 2013) (Descamps not declared to be retroactively applicable to permit a successive § 2255 motion). Nor has Kelly shown that his claims were foreclosed on a previous occasion. In other words, Kelly has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Kelly has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

AO 72A
(Rev. 8/82)

Kelly cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Kelly is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Kelly's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 27th day of January, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

6