# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ADRIAN R. KELLY,

    Petitioner,

vs.

SUZANNE R. HASTINGS,

    Respondent.

CV 213-102

### ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation (Dkt. no. 15), to which Petitioner Adrian Kelly, an inmate at the Federal Correctional Institution in Jesup, Georgia, has filed Objections (Dkt. No. 17). Kelly has also filed a notice of Supplemental Authority (Dkt. no. 18), to which Respondent Suzanne R. Hastings, Warden of FCI Jessup, has filed a Response (Dkt. no. 19). Kelly responded with a Reply (Dkt. no. 20). For reasons stated below, Kelly's objections are overruled and the Warden's motion to dismiss is **GRANTED**.

## I. Procedural Background and Legal Authority

A federal prisoner seeking to collaterally attack his conviction must file his motion under 28 U.S.C. § 2255 in the district of his conviction. 28 U.S.C. § 2255(a). Section 2255 is designed to give prisoners one clear shot at challenging their conviction, and prisoners may only pursue a second § 2255 motion by leave of the appropriate court of appeals. See § 2255(h). However, under some limited circumstances, a petitioner who has already exhausted his first § 2255 motion may collaterally attack his conviction again via a § 2241 petition for habeas corpus. Under § 2255's savings clause, a prisoner may file a § 2241 petition where the § 2255 motion would be "inadequate or ineffective to test the legality of his detention." § 2255(e). The Eleventh Circuit has interpreted § 2255(e) to mean that, for a prisoner's subsequent § 2241 claim to proceed, (1) "the claim must be based upon a retroactively applicable Supreme Court decision," and (2) "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion." Williams v. Warden, 713 F.3d 1332, 1343 (11th Cir. 2013). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the

AO 72A
(Rev. 8/82)

§ 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Kelly has filed a § 2255 habeas petition once before, and that petition was denied. Kelly v. United States, No. 3:04-cv-00950-HLA-HTS (M.D. Fla. Oct. 31, 2006). Relying on the Supreme Court's decision in Descamps v. United States, 133 S.Ct. 2276 (2013), Kelly brings this § 2241 petition before the Court to argue that he has satisfied § 2255(e)'s savings clause and is thus permitted to bring his § 2241 petition.

The Magistrate Judge recommends that this Court dismiss Kelly's petition because Kelly has not shown that Descamps applies retroactively on collateral review. Kelly made two objections to this recommendation: first, Kelly claims that the Government waived the issue of Descamps's retroactivity, and that the Court should thus assume Descamps is retroactive for his purposes; second, Kelly argues that, regardless of the Government's waiver, Descamps is in fact retroactively applicable on collateral review because it is a new substantive rule of law. In addition to these objections, Kelly has also offered supplemental authority, United States v. Howard, 742 F.3d 1334 (11th Cir. Feb. 19, 2014), with which he challenges the use of his Florida burglary conviction as a predicate offense for his Armed Career Criminal Act enhancements at sentencing.

3

## II. Petitioner's Objections to the Magistrate Judge's Report and Recommendation

Kelly's first objection to the Report and Recommendation, which concluded that Kelly's reliance on Descamps could not satisfy § 2255(e)'s savings clause because Descamps does not apply retroactively on collateral review, is that the Government waived the issue of retroactivity in its motion to dismiss, which states in a footnote:

> The government has made a considered decision not to challenge Descamps[. . .] under the retroactivity doctrine of Teague v. Lane, 489 U.S. 288 (1989). The affirmative waiver of this defense removes it from the case and, therefore, it should not be considered by this Court. Cf. Wood v. Milyard, 132 S. Ct. 1826, 1833 n.5, 1835 (2012).

Dkt. no. 9, p. 9 n.8.

Kelly's objection fails because § 2255(e)'s savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions, and this Court is required to consider *sua sponte* issues related to subject-matter jurisdiction even if they are disclaimed or not presented. Williams, 713 F.3d at 1338 (holding that the savings clause imposes a subject-matter jurisdictional limit on § 2241 petitions); id. at 1337-38 (citing Gonzalez v. Thaler, 132 S.Ct. 641, 648 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."); FED. R. CIV. P. 12(h)(3) ("If the court determines

4

at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")). Thus, even if the Government chooses not to challenge Descamps's retroactivity for purposes of § 2255(e)'s savings clause, the Court has a duty to consider the issue of retroactivity as it pertains to a question of subject-matter jurisdiction.

Kelly's second objection is that Descamps is in fact retroactively applicable to his § 2241 petition, even if it is not retroactively applicable to § 2255 petitions in general. In determining whether a new rule announced by the Supreme Court is retroactively applicable for purposes of a first § 2255 motion or a subsequent § 2241 petition brought under § 2255(e), the Eleventh Circuit distinguishes substantive rules from procedural rules.

New substantive rules "generally apply retroactively on collateral review." Bryant v. Warden, 738 F.3d 1253, 1277 (11th Cir. 2013) (citing Schriro v. Summerlin, 542 U.S. 348, 351-52 (2004)). New rules are substantive if they "narrow the scope of a criminal statute by interpreting its terms" or amount to "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish." Id.

In contrast, procedural rules are only retroactive if they are "watershed rules of criminal procedure implicating the

AO 72A
(Rev. 8/82)

fundamental fairness and accuracy of the criminal proceeding." Id. (also noting that this class of rules is "extremely narrow"). A new rule is procedural if it "regulates only the manner of determining the defendant's culpability," and such rules "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. (quotations omitted).

Kelly attempts to equate the rule in Descamps with the Supreme Court's rule in Begay v. United States, 553 U.S. 137 (2008). The Eleventh Circuit in Bryant determined that Begay had introduced a retroactively applicable substantive rule, because the Supreme Court had interpreted the term "violent felony" in such a way that narrowed the scope of its application in sentencing under the ACCA. Bryant, 738 F.3d at 1277.

However, the rule in Descamps is procedural rather than substantive. The Supreme Court in Descamps held that, in determining whether a conviction under a state criminal statute could count as an ACCA predicate offense, a court could not apply a "modified categorical approach" to the elements of the state statute if that statute included "non-divisible" elements that made it broader than the generic crime enumerated in the ACCA. Descamps, 133 S.Ct. at 2283. This rule dictates the "manner of determining culpability" under the ACCA, and does not

AO 72A
(Rev. 8/82)

"narrow the scope of a criminal statute by interpreting its terms." See Bryant, 738 F.3d at 1277 (quoting Shcriro, 542 U.S. at 351-52)). As such, it is a procedural rule. The Supreme Court did not indicate that the new rule in Descamps was a "watershed rule for criminal procedure," and this Court has not found any other decisions concluding that it is. Furthermore, Kelly (who bears the burden of establishing retroactivity) has not presented any cases finding the rule in Descamps to be retroactive as a substantive rule or as a new "watershed" procedural rule. Thus, as several other district courts have already held, the rule announced in Descamps is not retroactive on collateral review, and Kelly's objection is overruled. See, e.g., Dkt. no. 15 at pp. 4-5 (Report and Recommendation, collecting decisions finding that Descamps is not retroactive on collateral review).

### III. Petitioner's Notice of Supplemental Authority

Kelly has also filed a Notice of Supplemental Authority, bringing to the Court's attention United States v. Howard, 742 F.3d 1334 (11th Cir. Feb. 19, 2014), which, prompted by the Supreme Court's decision in Descamps, found the definition of an Alabama burglary statute overbroad, outside of the generic definition of burglary, and therefore disqualified from use for ACCA enhancements. Howard, 742 F.3d at 1348-49. Kelly then argues that the Florida burglary statute under which he was

AO 72A
(Rev. 8/82)

convicted also criminalizes a non-generic form of burglary, and thus cannot be an ACCA predicate offense.

This argument goes to the merits of Kelly's petition. As stated above, Kelly has not satisfied § 2255(e)'s jurisdictional threshold, and the Court is unable to consider his arguments on the merits.

**IV. Conclusion**

For the reasons stated above, the Court overrules Kelly's Objections and Notice of Supplemental Authority, and the Report and Recommendation is adopted as the opinion of the Court. Respondent's Motion to Dismiss is **GRANTED**. Kelly's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 29TH day of August, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA